UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
DEC 1 6 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

DOMINIC ANDERSON, §
TDCJ No. 02028320, §
§
      Petitioner, §
§
v. § Civil No. SA-18-CA-0701-OLG
§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
      Respondent. §

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Dominic Anderson's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 16) and Respondent Lorie Davis's Answer (ECF No. 17). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

The facts of Petitioner's case were accurately summarized by the Texas Fourth Court of Appeals on direct appeal:

> The complainant, A.T., and [Petitioner] lived together. According to A.T., after [Petitioner] saw a message A.T. received from another man, [Petitioner] followed her into a bathroom stall at a restaurant and hit her. A.T. also stated [Petitioner] hit her in the face and pinched her breasts in the car after leaving the restaurant, and, on the drive home after stopping at a friend's house, [Petitioner] punched A.T. in her eye four times. After returning home, A.T. further testified [Petitioner] repeatedly pinched her and pulled her hair and also forced her to engage in anal sex. The following day, A.T. told her sister what had occurred. The police were called, and [Petitioner] was arrested.

> A.T. underwent a sexual assault exam, and the sexual assault nurse examiner testified the bruises on A.T.'s breasts were severe and were inflicted using a lot of force. The nurse examiner also testified A.T. had a tear in her anus caused by a great deal of physical force or blunt force trauma. Finally, the nurse examiner testified A.T.'s injuries were too severe to have been caused by "rough sex." Pictures of A.T.'s injuries were introduced into evidence.
>
> [Petitioner] testified in his defense, stating all of his sexual intercourse with A.T. was consensual and the bruises were hickeys. [Petitioner] further testified A.T. enjoyed deviant or rough sex, and she consented to the actions that caused the marks shown in the pictures. [Petitioner] admitted he was convicted in 2006 for assault family violence but also denied assaulting the victim in that case.
>
> After hearing the evidence, the jury found [Petitioner] guilty of sexual assault and assault family violence—enhanced. [Petitioner] was sentenced to fifteen years' imprisonment for the sexual assault and ten years' imprisonment for the assault family violence—enhanced offense.

*Anderson v. State*, No. 04-15-00573-CR, 2016 WL 3773600, at *1 (Tex. App.—San Antonio, July 13, 2016, pet. ref'd); (ECF No. 18-15 at 2).

Petitioner appealed his convictions and sentences, arguing the trial court erred by (1) denying his request for a severance; (2) refusing to allow him to cross-examine the complainant regarding her probationary status; and (3) denying his request for a jury instruction. (ECF No. 18-10). The Fourth Court of Appeals rejected Petitioner's arguments and affirmed his convictions and sentences in an unpublished opinion dated July 13, 2016. *Anderson*, 2016 WL 3773600; (ECF No. 18-15). The Texas Court of Criminal Appeals then refused his petition for discretionary review. *Anderson v. State*, No. 0951-16 (Tex. Crim. App. Jan. 11, 2017).

On September 19, 2017, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court convictions and sentences. *Ex parte Anderson*, No. 87,567-01 (Tex. Crim. App.) (ECF No. 18-25 at 14). In the application, Petitioner raised the same allegations he raised on direct appeal and also alleged that his conviction for sexual assault

2

violated the Double Jeopardy Clause. The Texas Court of Criminal Appeals denied Petitioner's state application without written order on February 14, 2018. (ECF No. 18-20).

Petitioner initiated the instant proceedings on July 3, 2018, when he placed his initial form petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 in the prison mailing system. (ECF No. 1 at 10). In his subsequent amended petition filed November 16, 2018, Petitioner raises the same four allegations that were rejected in state court: (1) the trial court erred by denying his request for a severance; (2) the trial court erred by refusing to allow him to cross-examine the complainant regarding her probationary status; (3) the trial court erred by denying his request for a jury instruction; and (4) his conviction for sexual assault violated the Double Jeopardy Clause. (ECF No. 16). In her answer, Respondent relies on the state court's adjudication of these allegations and argues federal habeas relief is precluded under the AEDPA's deferential standard. (ECF No. 17).

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims

3

already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Analysis

#### A. Trial Court Error Claims

Petitioner's first three allegations contend the trial court committed error by (1) denying his request for a severance; (2) refusing to allow him to cross-examine the complainant regarding her probationary status; and (3) denying his request for a jury instruction. These claims were

raised and rejected during Petitioner's direct appeal and state habeas proceedings. As discussed below, Petitioner fails to demonstrate the state court's rejection of the claims was contrary to, or an unreasonable application of, Supreme Court precedent.

1. **Severance**

Petitioner first contends the trial court erred by denying his motion to sever the two offenses—sexual assault and assault family violence—into separate trials under Section 3.04 of the Texas Penal Code. Petitioner's claim essentially argues the state trial court erred in applying the state law concerning the grant or denial of a motion to sever under Section 3.04. Such claims are not cognizable in a federal habeas corpus proceeding, and this Court must defer to the state-court determination of Texas law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.") (citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Therefore, even if the state trial court in fact misapplied state law, it would have no impact on the instant proceeding. Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983).

Furthermore, the trial court did not err by denying Petitioner's motion to sever. Under Texas law, a motion to sever under Section 3.04 must be filed before trial begins. *Thornton v. State*, 986 S.W.2d 615, 617-18 (Tex. Crim. App. 1999); *Writt v. State*, 541 S.W.2d 424, 425-26 (Tex. Crim. App. 1976) (holding that a pre-trial motion filed the day of trial is untimely). Here,

Petitioner made no attempt to sever the offenses until the day of his trial, after the jury venire had already been qualified. (ECF No. 18-7 at 51-55). Petitioner's motion was therefore untimely, and the trial court did not err in denying the motion. *Thornton*, 986 S.W.2d at 617-18.

Regardless, even assuming that the trial court erred in denying the motion to sever, Petitioner would still not be entitled to relief because the error was harmless. The Supreme Court has held that the test for harmless error on federal habeas review is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). When considering a habeas claim such as this based on the denial of severance, the Court must limit its inquiry to whether Petitioner's federal constitutional right to a fair trial was violated. *Breeland v. Blackburn*, 786 F.2d 1239, 1240-42 (5th Cir. 1986); *Alvarez v. Wainwright*, 607 F.2d 683, 685 (5th Cir. 1979). Habeas relief is only appropriate when a petitioner demonstrates prejudice arising from the failure to sever that rendered the trial fundamentally unfair. *Id.*

Petitioner does not make this showing. To the contrary, the record indicates that both offenses involved the same victim, occurred the same day, involved very similar evidence, and was all part of the same course of conduct with the same underlying motive. In other words, even if the charges had been severed, the evidence in this case would overlap to the point that the jury would have heard evidence of one charge during the prosecution of the other. As such, any error in failing to grant a severance would be harmless. *See Scott v. State*, 235 S.W.3d 255, 261 (Tex. Crim. App. 2007) (finding failure to sever harmless because of the substantial overlap of evidence between the offenses).

## 2. Cross-Examination

Petitioner next alleges his Sixth Amendment right of confrontation was violated when the trial court did not allow him to cross-examine the complainant regarding her probationary status. The right to confront and cross-examine witnesses "is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U.S. 400, 405 (1965). "It is axiomatic that defense counsel should be permitted to expose to the jury facts relative to a witness' possible motivation to testify favorably for the prosecution or his potential bias for or against any party to the criminal proceeding." *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000). However, the right of cross-examination is not unlimited, and trial judges retain the discretion to impose reasonable limits on cross-examination consistent with the applicable rules of evidence for questioning that is only marginally relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *Boyer v. Vannoy*, 863 F.3d 428, 448-49 (5th Cir. 2017) (citations omitted); *see also United States v. Love*, 599 F.2d 107, 108 (5th Cir. 1979) (finding the trial court has broad discretion in determining how and why bias may be proved).

The complainant in this case had filed an affidavit of non-prosecution with police prior to trial, and later testified (outside the presence of the jury) that, at the time she filed the affidavit, she did not want to be a witness and did not want charges pressed against Petitioner despite the allegations against him being true. Petitioner contends he should have been allowed to cross-examine the complainant regarding her felony probation status in order to demonstrate bias or motive. According to Petitioner, the reason the complainant maintained that the assault occurred is because she did not want to be accused of filing a false police report and violate the conditions of her probation. But the record is bereft of any indication that the complainant's probationary status motivated her to maintain that the assault occurred. To the contrary, the complainant

never wavered on whether the assault occurred, never discussed her probationary status with police, and only filed the affidavit of non-prosecution because she and Petitioner had been reconciled at the time. Thus, any cross-examination on her probationary status would be irrelevant because, as the Texas Fourth Court of Appeals found on direct appeal, Petitioner "failed to show a logical connection between [the complainant]'s probationary status and any motivation to testify as she did." (ECF No. 18-15 at 4). As such, Petitioner has not shown that the state court's resolution of this issue was contrary to, or was an unreasonable application of, clearly established federal law as determined by the Supreme Court, and he is not entitled to relief on this ground.

### 3. Jury Instruction

In his third allegation, Petitioner contends the trial court erred in denying his requested jury instruction regarding evidence of his 2006 conviction for assault family violence. During the jury charge conference, Petitioner requested the following instruction:

> You heard that the defendant has a prior conviction for Assault Family Violence on . . . June 19th, 2006. Such evidence is to be considered only for providing this court jurisdiction. It is not to be considered as evidence of the defendant's guilt on the date in question. Likewise, evidence of an Assault Family Violence on July 31st, 2013, cannot be used to establish defendant's guilt on the date in question.

(ECF No. 18-8 at 236). The trial court denied the instruction, finding that the instruction would be redundant of paragraph five of the proposed instruction which deals with the same issue. *Id.* Petitioner unsuccessfully challenged the trial court's ruling on both on direct appeal and during his state habeas proceedings. These decisions were neither contrary to, nor an unreasonable application of, clearly established federal law.

Claims of improper jury instruction or rejection of a requested jury instruction in state criminal trials do not generally form the basis for federal habeas relief. *Galvan v. Cockrell*, 293

8

F.3d 760, 764-65 (5th Cir. 2002); (citing *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (stating that federal habeas courts do not grant relief solely on the basis that a jury charge was erroneous)). Rather, such claims only support a claim for habeas relief if the erroneous instruction by itself rendered the trial fundamentally unfair. *Henderson v. Kibbe*, 431 U.S. 145, 154-55 (1977); *Galvan*, 293 F.3d at 764 (relevant inquiry on claims of improper or rejected jury instructions is whether there was prejudice of constitutional magnitude). The relevant inquiry is whether the failure to give an instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Galvan*, 293 F.3d at 764-65 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Petitioner fails to make this showing. The jury received the following instructions in this case:

> The defendant is on trial solely on the charge as alleged in the amended indictment. In reference to evidence, if any, that the defendant, DOMINIC STEFAN ANDERSON, has previously participated in recent transactions or acts; other than but similar to that which is charged in the indictment in this case, you are instructed that you can not [sic] consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in such transactions or committed such acts, if any; and even then you may only consider the same for the purpose of determining the intent, knowledge, motive, common plan or scheme, or to rebut a defensive theory, or to establish the jurisdictional grounds of the case as a felony, if it does, of the defendant, DOMINIC STEFAN ANDERSON, for the offenses charged in the amended indictment, if it does, and for no other purpose.

(ECF No. 18-2 at 81). Similar to Petitioner's requested charge, the instructions given to the jury clearly limits the jury's consideration of evidence regarding Petitioner's 2006 conviction for assault family violence. Because Petitioner's proposed charge is largely duplicative of the instructions ultimately given to the jury, Petitioner fails to demonstrate that the trial court erred in refusing to include the instruction, much less show that failure to give his requested jury

9

instructions so "infected" the entire trial as to result in a denial of due process. Thus, Petitioner is not entitled to federal habeas relief on this claim.

**B.   Double Jeopardy**

Petitioner's last claim asserts his conviction for assault family violence violated his right to be free from double jeopardy because he had been previously convicted of the same offense in 2006. Although unclear, he appears to argue that the use of prior 2006 conviction to enhance his current sentence violated the Double Jeopardy Clause. Indeed, the record in this case indicates that Petitioner's 2006 conviction was used to enhance the current charge. (ECF No. 18-2 at 44-45). However, Petitioner's argument is categorically foreclosed by both Supreme Court and Fifth Circuit precedent holding the use of a prior conviction for enhancement purposes does not violate double jeopardy. *See Ewing v. California*, 538 U.S. 11, 25 (2003) ("The constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge.") (quoting *Oyler v. Boles*, 368 U.S. 448, 451 (1962)); *United States v. Simpson*, 796 F.3d 548, 555 (5th Cir. 2015) (finding "double jeopardy principles are not offended by the use of prior convictions to enhance subsequent convictions.") (citation omitted). The state court's rejection of this claim was therefore reasonable, and relief is denied.

## IV.   Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claim on the merits during his direct appeal and state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and appellate proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Dominic Anderson's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 16) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the \_\_\_\_16th day of December, 2019.

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**